UNITED STATES of America, Appellee,

v.

Carlos JIMENEZ, Defendant–Appellant.

Docket No. 03–1294.

United States Court of Appeals, Second Circuit.

Aug. 18, 2004.

B. Alan Seidler, New York, NY, for Defendant–Appellant.

Katherine Polk Failla, Assistant United States Attorney, New York, N.Y. (David N. Kelley, United States Attorney, on the brief, and Harry Sandick, Assistant United States Attorney, of counsel), for Appellee.

PRESENT: JACOBS, SOTOMAYOR, and HALL, Circuit Judges.

## SUMMARY ORDER

Defendant Carlos Jimenez ("Jimenez") appeals from a 120–month sentence entered on May 12, 2003 in the Southern District of New York (Patterson, *J.*) following guilty pleas to one count of conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846, one count of distributing or possessing with the intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A), and one count of distributing or possessing with the intent to distribute five-hundred grams or more of cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(B).

Jimenez argues that he received ineffective assistance from his lawyer, who had encouraged him to make full and honest disclosures to the government during the course of cooperation agreement negotiations without fear of potential sentencing consequences. During those negotiations, Jimenez admitted to prosecutors that he possessed a firearm, which he kept in the same apartment where he stored most of his cocaine inventory. This admission effectively prevented Jimenez from showing he was eligible for "safety valve" consideration under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2.

In his plea agreement, Jimenez agreed not to appeal any sentence at or below 120 months. This Court will generally enforce such waivers, even for possibly incorrect sentences, unless the waiver falls into a "very circumscribed area" of exceptions. *United States v. Gomez–Perez,* 215 F.3d 315, 319 (2d Cir.2000). None of these exceptions applies here.

This Court has also generally enforced such waivers when the basis of a defendant's appeal is ineffective assistance. *See United States v. Monzon,* 359 F.3d 110, 118 (2d Cir.2004). Moreover, in *Monzon,* this Court specifically stated that a future claim of ineffective assistance is waived when, as here, it attacks the *sentence* itself and not the underlying plea agreement that supported the sentence. *Id.*

Based on his waiver of the right to appeal, Jimenez's appeal from the judgment of the district court is hereby **DISMISSED**.