UNITED STATES of America, Appellee,

v.

Brenda ZAYAS, Jose Sanchez, Defendants,

Mario Balbuena–Pimentel, Defendant–Appellant.

No. 05–6194–cr.

United States Court of Appeals, Second Circuit.

Sept. 20, 2007.

Jack Smith, Assistant United States Attorney (Roger A. Burlingame, Jo Ann M. Navickas, Assistant United States Attorneys, of counsel; Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief), Brooklyn, NY, for Appellee.

Georgia J. Hinde, New York, NY, for Defendant–Appellant.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER and Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Mario Balbuena–Pimentel appeals from a judgment of the United States District Court for the Eastern District of New York (Frederick Block, *Judge* ), issued on November 7, 2005, following a guilty plea, sentencing him principally to seventy months' imprisonment for conspiring to import a kilogram or more of heroin into the United States, in violation of 21 U.S.C. §§ 960(a)(1), 960(b)(1)(A), and 963. As part of his plea agreement, Balbuena–Pimentel agreed not to appeal or otherwise challenge the conviction or sentence in the event that the District Court imposed a term of imprisonment of 121 months or less. We assume the parties' familiarity with the balance of the facts, procedural history, and issues on appeal.

"In general, a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed-upon Guidelines

range is enforceable." *United States v. Johnson*, 347 F.3d 412, 414 (2d Cir.2003); *see also United States v. Rosa*, 123 F.3d 94, 97–101 (2d Cir.1997). However, "a defendant may have a valid claim that the waiver of appellate rights is unenforceable . . . when [inter alia] the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases." *United States v. Gomez–Perez*, 215 F.3d 315, 319 (2d Cir. 2000) (internal citations omitted); *see also United States v. Jacobson*, 15 F.3d 19, 23 (2d Cir.1994). As the record reveals that the District Court did not base its decision on Balbuena–Pimentel's status as an illegal alien, we do not need to reach the question of whether doing so would be unconstitutional.

■ First, with respect to the District Court's decision to deny the minor role adjustment, it is clear from the record that the District Court did not base its decision on Balbuena–Pimentel's status as an illegal alien. Rather, the District Court determined that Balbuena–Pimentel was "a person who was actively involved in arranging the underlying aspects that led to his being a pick up person." Balbuena–Pimentel recruited a friend of a friend to go to Venezuela for the drugs, he made arrangements for the person to bring the drugs into the United States, and he advised the courier on the details of the plan. At the sentencing hearing, the District Court mentioned the fact that Balbuena–Pimentel "shouldn't have been here at all" and that it was "offended by the fact that this is an illegal alien who decides to take the benefits of this country." The judge told

Balbuena–Pimentel that his "main gripe" was that Balbuena–Pimentel was an illegal alien who came to this country and committed serious crimes and the judge discussed his views about the expense of housing aliens in prison only to deport them on their release. Language making it clear that Balbuena–Pimentel's nationality or immigration status played no role in his sentencing would have been preferable, however, there is ample evidence that the District Court did not rest its decision on Balbuena–Pimentel's immigration status but rather on Balbuena–Pimentel's role in arranging for the importation of the drugs. This was clearly a permissible basis for the denial of a minor role adjustment.[1]

■ With respect to Balbuena–Pimentel's request for a non-Guidelines sentence, the District Court stated that the fact Balbuena–Pimentel was an illegal alien "weigh[ed] heavily . . . in balancing everything out." While a more nuanced choice of words by the District Court would have been preferable, in denying the downward departure, we find that the District Court made its decision based on the fact that there was no information suggesting that Balbuena–Pimentel was supporting his aging parents, that he showed no employment, and that he had twice illegally entered the country. The pre-sentence report ("PSR") notes that the Balbuena–Pimentel illegally entered the United States twice[2] and a sentencing court is at liberty to consider prior unlawful conduct when sentencing a defendant. *See* 18 U.S.C. § 3553(a)(1) (permitting a court to consider "the nature and circumstances of the offense and the history and

---

1. While we find that the District Court did not rely on improper factors here, we note that we have "reject[ed] the view that a defendant's ethnicity or nationality may legitimately be taken into account in selecting a particular sentence to achieve the general goal of deterrence." *United States v. Leung*, 40 F.3d

577, 586 (2d Cir.1994); *see also United States v. Kaba*, 480 F.3d 152, 156–57 (2d Cir.2007).

2. The PSR was ordered sealed; we hereby unseal only that portion that is essential to this order. *See United States v. Spinelli*, 352 F.3d 48, 53 n. 2 (2d Cir.2003).

218

characteristics of the defendant"). Viewed as a whole, it is clear that the sentence was not based on Balbuena–Pimentel's immigration status, but rather on individualized and distinctive factors.

Accordingly, the judgment of the District Court is AFFIRMED.