The judgments of the District Court are **AFFIRMED.**

**UNITED STATES of America,**
**Appellee,**

v.

**William MORALES, also known as Willy, Wilfredo Morales, also known as Wolfie, Defendant–Appellants.**

**Nos. 06–3600–cr(L), 06–3777–cr(CON).**

United States Court of Appeals, Second Circuit.

April 15, 2008.

Gary G. Becker, New York, N.Y., for Defendant–Appellant, William Morales.

Lawrence D. Gerzog, New York, N.Y., for Defendant–Appellant, Wilfredo Morales.

Harry A. Chernoff, Assistant United States Attorney, for Michael J. Garcia, United States Attorney for the Southern District of New York (Laurie A. Korenbaum and Diane Gujarati, of counsel), New York, N.Y., for Appellee.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, Circuit Judges, Hon. ALAN H. NEVAS, District Judge.*

**SUMMARY ORDER**

Appellants William Morales and Wilfredo Morales pled guilty in the United States District Court for the Southern District of New York (Pauley, *J.*) to conspiracy to possess with intent to distribute one kilogram and more of heroin and fifty grams and more of cocaine base (crack), in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, and to the use, carrying, and possession of firearms in furtherance of the narcotics conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A). They were each sentenced to 276 months' imprisonment. On appeal, Appellants assert that the district court erred in denying their motions to withdraw their guilty pleas, that the Government breached its plea agreement, that the Government breached a subsequent sentencing agreement, and that the district court erred by refusing to consider their argu-

---

* Alan H. Nevas, United States District Judge for the District of Connecticut, sitting by des- ignation.

ments against applying the Sentencing Guidelines 100–to–1 crack-to-cocaine sentencing ratio. We assume the parties' familiarity with the facts and procedural history of the case.

The sentencing agreements contained a provision by which Appellants waived appeal of any sentence within or below the stipulated Guidelines range of 322 to 387 months' imprisonment. That waiver, if valid, would on its face foreclose their right to appeal on any of these grounds. It is only in a "very circumscribed" set of situations that this Court will decline to enforce an appeal waiver. *United States v. Gomez–Perez,* 215 F.3d 315, 319 (2d Cir.2000). Those situations include when the waiver was not knowing, voluntary, or competent, when the sentence imposed was based on constitutionally impermissible considerations, when the Government has breached the plea agreement, and when the sentencing court has failed to state any rationale for the sentence. *Id.* None of those situations are present here.

One of the defendants, William Morales, does argue that the Government breached the subsequent sentencing agreement. But that argument is not convincing. Even assuming, *arguendo,* that the Government was obligated not to introduce in the first instance evidence of Appellant's enhanced role in the conspiracy and evidence of his possession of numerous firearms, Appellant "opened the door to this response when he attempted to characterize the criminal scheme in a manner favorable to himself." *United States v. Amico,* 416 F.3d 163, 166 (2d Cir.2005).

This being the only argument made that would cast doubt on the validity of the appeal waivers that Appellants entered into, we conclude that the waivers bar the appeals. We have considered all of Appellants' other arguments and find them to be without merit. Because the Sentencing Commission has lowered the sentencing ranges for crack offenses, *see* U.S.S.G. § 2D1.1 (2007); Amendments to the Sentencing Guidelines for United States Courts, 72 Fed.Reg. 28571–72 (2007), upon Appellants' motion for such relief, the district court shall consider whether to reduce their terms of imprisonment, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), as provided in 18 U.S.C. § 3582(c)(2).

We DISMISS the appeal as waived.