**UNITED STATES of America,
Appellee,**

v.

**Frank BOATSWAIN, also known as Frank Baotswain, also known as Dennis Boatswain, also known as Frank B, also known as Jonathan, as known as David Boatswain, Defendant–Appellant.**

No. 07–1550–cr.

United States Court of Appeals,
Second Circuit.

July 23, 2008.

Benton J. Campbell, United States Attorney for the Eastern District of New York (Susan Corkery, James P. Loonam,

Assistant United States Attorneys, of counsel), Brooklyn, NY, for Appellee.

Vivian Shevitz, South Salem, NY, for Defendant–Appellant.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSEPH M. McLAUGHLIN, and Hon. CHESTER J. STRAUB, Circuit Judges.

### *SUMMARY ORDER*

On April 2, 2007, the district court sentenced Frank Boatswain to 134 months' imprisonment for conspiring to commit mail fraud and aggravated identity theft. The district court also imposed restitution of $429,597.38. Boatswain pled guilty pursuant to a plea agreement in which he waived appeal of any sentence of 161 months' imprisonment or less. We assume the parties' familiarity with the facts and procedural history of the case.

Boatswain maintains that his sentence is procedurally unreasonable because the district court failed to articulate a reason for denying his requested "downward departure" on the basis of "cruel and unusual pretrial confinement." We do not address the merits of this argument because it is barred by the waiver of appeal in the plea agreement.

A defendant's waiver of his right to appeal a sentence is enforceable unless it is not knowing and voluntary, the sentence imposed is based on a constitutionally impermissible factor such as race, the Government has breached the plea agreement, or "the sentencing court failed to enunciate any rationale for the defendant's sentence." *United States v. Gomez–Perez,* 215 F.3d 315, 318–19 (2d Cir.2000). None of these circumstances are present here. Although Boatswain contends that the district court did not provide a sufficient reason for rejecting his argument for a lower sentence, the court did enunciate its rationale for the sentence it imposed. It explained that it had taken into account the advisory Guidelines range, the gravity of Boatswain's offenses, his lengthy criminal history, and the need to protect the public from further crimes by the defendant. Thus, because the district court sentenced Boatswain to less than 161 months' imprisonment, the plea agreement bars this challenge to the length of his sentence.

Boatswain also appears to contend in his pro se reply brief that the amount of restitution imposed was improper and that the district court erred by denying his request for a new attorney. We decline to consider these arguments because they were raised for the first time in a reply brief, depriving the Government of an opportunity to respond to them. *See United States v. Pepin,* 514 F.3d 193, 203 n. 13 (2d Cir.2008).

For the foregoing reasons, the judgment is AFFIRMED.