09-0034-cr
USA v. Antonetty (Olivera)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand ten.

Present:
GUIDO CALABRESI,
CHESTER J. STRAUB,
ROBERT A. KATZMANN,
*Circuit Judges*.

---

UNITED STATES OF AMERICA,

    *Appellee*,

       v.                       No. 09-0034-cr

JORGE OLIVERA, ALSO KNOWN AS GEORGIE, ALSO KNOWN AS GEORGE,

    *Defendant-Appellant*.

---

For Defendant-Appellant:    NORMAN P. EFFMAN, Warsaw, NY

For Appellee:    STEPHAN J. BACZYNSKI, Assistant United States Attorney, *for* Kathleen M. Mehltretter, United States Attorney for the Western District of New York, Buffalo, NY

Appeal from the United States District Court for the Western District of New York (Skretny, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the appeal is **DISMISSED**.

Defendant-appellant Jorge Olivera appeals from a judgment of the United States District Court for the Western District of New York (Skretny, *J.*), entered December 30, 2008, sentencing Olivera to 168 months in prison, pursuant to a plea agreement, for his role in a heroin-distribution conspiracy. On appeal, Olivera argues that the district court violated principles of due process and abused its discretion in refusing to hold, prior to resentencing, an evidentiary hearing regarding the extent of the assistance that he and his family provided to the government. We assume the parties' familiarity with the underlying facts and procedural history of the case.

At the outset, the government contends that the plea agreement's explicit provision waiving Olivera's right of appeal precludes review by this Court. We agree. To be enforceable, guilty pleas and waivers of the right to appeal must be "knowingly, voluntarily, and competently provided by the defendant." *United States v. Gomez-Perez*, 215 F.3d 315, 318 (2d Cir. 2000). Olivera asserts that the waiver in his plea agreement was not knowing because the parties to the agreement entered into it believing that the court, in granting a downward departure, could consider factors other than Olivera's substantial assistance.

Olivera's argument is unavailing. There is no indication that the parties had in mind a reduction based on non-assistance considerations. Neither the agreement nor the transcript of the plea allocation mentions factors for downward reduction other than substantial assistance. Moreover, the plea agreement explicitly recognized that any downward departure was left to the

-2-

discretion of the district court. Thus, upon entering into the agreement, Olivera could have had no settled expectation that the court would depart at all, let alone that it would consider factors other than substantial assistance. *See United States v. Rosen*, 409 F.3d 535, 548 (2d Cir. 2005).

We have considered all of Olivera's arguments and find them to be without merit. Accordingly, we **DISMISS** his appeal as waived.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK