09-4202-cr
United States v. Magana

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of September, two thousand ten.

PRESENT: DENNIS JACOBS,
        <u>Chief Judge</u>,
    REENA RAGGI,
        <u>Circuit Judge</u>,
    JED S. RAKOFF,
        <u>District Judge</u>.*

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

    <u>Appellee</u>,

    -v.-                       09-4202-cr

AURELIO BERBER MAGANA, also known as Yayo,

---

* The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

                **Defendant-Appellant**,

**JOSE REYES SANCHEZ, JUAN ANTONIO
RODRIGUEZ-MESA, also known as
Juanito, also known as Jean Antonio
Rodriguez, LUIS SANTIAGO, JAN LUIS
REYES-MARTE, also known as "39,"
KELVIN HERNANDEZ, also known as
Chamo, also known as Chamuco, also
known as Miguel Nater,**

                **Defendants**.
- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**     Joyce C. London, New York, NY.

**FOR APPELLEE:**      Jesse M. Furman, Assistant United States
                       Attorney (Adam S. Hickey, Assistant
                       United States Attorney, on the brief),
                       for Preet Bharara, United States Attorney
                       for the Southern District of New York,
                       United States Attorney's Office for the
                       Southern District of New York, New York,
                       NY.

     Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, J.).

     **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the appeal be **DISMISSED**.

     Defendant-appellant Aurelio Berber Magana appeals from the judgment of conviction entered by the United States District Court for the Southern District of New York (Cote, J.), principally sentencing him to 151 months of imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

     On May 8, 2009, pursuant to a written plea agreement, Berber pleaded guilty to Count One of the operative indictment, charging him with conspiring to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846. The plea agreement contained an appeal-waiver provision, under which Berber agreed not to "file a direct appeal, nor litigate under

Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Guidelines Range" of 151 to 188 months of imprisonment.

On appeal, Berber contends that the appeal-waiver provision is unenforceable because of the government's conduct.  See United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000) (explaining that "a defendant may have a valid claim that the waiver of appellate rights is unenforceable . . . when the government breached the plea agreement").  But the government's conduct--in its written sentencing submission and at the sentencing proceeding--was fully consistent with the government's contractual obligations and wholly appropriate in response to the arguments raised by Berber.  Accordingly, the appeal-waiver provision is enforceable and Berber's appeal is dismissed.

We have considered all of Berber's contentions on this appeal and have found them to be without merit.  Accordingly, the appeal is hereby **DISMISSED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK