13-2833-cr
*United States v. Beras*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand fourteen.

PRESENT:
> JOSÉ A. CABRANES,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                              No. 13-2833-cr

LUIS BERAS,

> *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR LUIS BERAS:** | Molly Corbett, Office of the Federal Public Defender, *for* Lisa A. Peebles, Acting Federal Public Defender, Albany, NY. |
| **FOR UNITED STATES:** | Daniel Hanlon, Brenda K. Sannes, Assistant United States Attorneys*, for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY. |

Appeal from a judgment of conviction of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Defendant Luis Beras appeals from an amended judgment of conviction entered on July 12, 2013, for conspiring to possess with intent to distribute and to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

Beras contends on appeal that his sentence was procedurally unreasonable. *See United States v. Cavera*, 550 F.3d 180, 190, 192-93 (2d Cir. 2008) (en banc) (describing procedural reasonableness review). Specifically, he argues that the District Court (1) failed to state on the record the sentencing calculations upon which the sentence was based, (2) failed to explain its sentencing determinations to allow for meaningful appellate review, and (3) misunderstood its sentencing discretion.

These arguments, however, are all barred by Beras's plea agreement, wherein he "waives any and all rights . . . to appeal or collaterally attack his conviction and *any sentence of imprisonment*, including any related issues with respect to the establishment of the advisory Sentencing Guidelines range or the reasonableness of the sentence imposed." App. 22 (emphasis supplied). We generally enforce knowing and voluntary appellate waivers. *See United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011); *United States v. Ready*, 82 F.3d 551, 556 (2d Cir. 1996). Exceptions to the presumption of enforceability are limited, and nothing in the record of this case warrants such an exception. *See United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000) ("[E]xceptions to the presumption of the enforceability of a waiver . . . occupy a very circumscribed area of our jurisprudence."). Beras does not even acknowledge the waiver of appeal in his brief, much less argue that it was not made knowingly or voluntarily, or that there was a clear or obvious breach of the plea agreement by the government.

In sum, because we identify no breach of the plea agreement by the government and no other basis for declining to enforce Beras's appellate waiver, we conclude that the appellate waiver is enforceable and, accordingly, we order that this appeal be **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2