17-3696-cr
United States v. Parrish

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand eighteen.

PRESENT:   JOHN M. WALKER, JR.,
                     PIERRE N. LEVAL,
                     CHRISTOPHER F. DRONEY,
                            *Circuit Judges.*

———————————————————————————

UNITED STATES OF AMERICA,

                     *Appellee*,

             v.                                                          17-3696-cr

LAQUAN PARRISH, AKA MADDOG, AKA QUANZAS,

                     *Defendant-Appellant.*[*]

———————————————————————————

FOR APPELLEE:                          HAGAN SCOTTEN, Assistant United States Attorney, (Karl Metzner, Assistant United States Attorney, *on the brief*), for Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY

---

[*] The Clerk of the Court is respectfully direct to amend the caption as shown above.

FOR DEFENDANT-APPELLANT:        NATHANIEL Z. MARMUR,
                                THE LAW OFFICES OF NATHANIEL Z. MARMUR,
                                PLLC, New York, NY

Appeal from a criminal judgment entered on October 27, 2017, by the United States District Court for the Southern District of New York (Kaplan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Parrish appeals from an October 27, 2017, judgment of conviction entered in the United States District Court for the Southern District of New York, sentencing him to 195 months' imprisonment. Specifically, he claims the government breached his plea agreement by requesting a 211 month sentence and, as a result, he is not bound by the appeals waiver in that agreement. A summary of the plea agreement and the proceeding before the district court are included to explain our decision, but we otherwise assume the parties' familiarity with the facts and record of prior proceedings. For the reasons stated below, we affirm the district court's judgment.

I.      Background

Parrish pleaded guilty on January 30, 2017, to conspiracy to commit racketeering under 18 U.S.C. § 1962(d), and use of a firearm in the course of the conspiracy under 18 U.S.C. § 924(c)(1)(A)(i), pursuant to a plea agreement. In addition to including a "Stipulated Guidelines Range" of 181 to 211 months' imprisonment and an appeals waiver if Parrish received a sentence of imprisonment of 211 months or less, the agreement also contained a "Downward Departure Provision," representing the parties' agreement "that . . . the defendant may seek, and the Government will not object to, a downward departure from the Stipulated Guidelines Range . . . on the ground that" a prior New York state assault conviction (for which Parrish served 31 months' imprisonment) "constitutes relevant conduct to, and is part of, the offense charged in Count One." App'x at 29, 110. The plea agreement also included the following provisions: (1) "[E]ither party may seek a sentence outside of the Stipulated Guidelines Range based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a)," App'x at 29; and (2) the parties are free "to make any arguments regarding where within the Stipulated Guidelines Range" Parrish's sentence should be. App'x at 29-31. During his plea colloquy, Parrish confirmed he understood the terms of his agreement.

The presentence report ("PSR") of the United States Probation Office, prepared following Parrish's guilty plea, calculated a higher guidelines range—211 to 248 months' imprisonment—than the parties set forth in their plea agreement. In his subsequent sentencing memorandum, Parrish maintained that the Stipulated Guidelines Range was appropriate, objecting to the higher guidelines calculation in the PSR. He also argued for

2

the departure set forth in the Downward Departure Provision of the plea agreement, noting that the awarding of the (31 month) downward departure by the court would yield a new guidelines range of 150-180 months' imprisonment, and advocated for a sentence below 150 months. The government, in its memorandum, sought a sentence of 211 months, relying on an upward variance based on the 18 U.S.C. § 3553(a) factors, and not because it objected to a downward departure under the Downward Departure Provision or disputed any other provision of the plea agreement. The government also argued in its memorandum: "To the extent the Court is inclined to give Parrish credit for time spent in jail on relevant conduct . . . the Government asks that the Court impose a sentence of 211 months imprisonment *after* such credit is given, so that Parrish's actual sentence is 211 months." App'x at 91 (emphasis in the original).

At a sentencing hearing held on October 11, 2017, the government again stated that it was "certainly . . . not seeking to" argue against the ground for the Downward Departure Provision and it did "not object to the Court giving credit for that." App'x at 108–09. The district court later confirmed the government's position, asking counsel: "And the government's position on the departure is no objection, right?" to which the government responded, "Correct." App'x at 117. Nevertheless, the government reaffirmed its argument that a sentence of 211 months' imprisonment was appropriate.

The district court, in imposing Parrish's sentence, determined the applicable guidelines range was 150 to 180 months' imprisonment—the Stipulated Guidelines Range less the requested Downward Departure Provision for Parrish's prior 31 month state term of imprisonment—and recognized that to reach the government's requested sentence of 211 months the court would have to impose an upward variance. The district court then sentenced Parrish to 195 months' imprisonment, which reflected an upward variance but not to the extent requested by the government. In explaining its decision, the court stated that the factors leading to the variance included Parrish's "leadership of a gang engaged in frequent acts of violence" and his involvement "in shootings, possession of firearms, [and] a stabbing." App'x at 139. Parrish objected to the sentence, arguing that the government's request for an upward variance was in breach of its promise not to oppose his request for the downward departure and that the request improperly influenced the district court's decision. The district court overruled Parrish's objection and explained "[t]he plea agreement did not, in my judgment, bar the government from" requesting a variance. App'x at 144. A timely appeal followed.

II.     Discussion

Parrish presents one issue on appeal: Whether the government breached its plea agreement by requesting an upward variance. The government argues that Parrish's claim is barred by his appeals waiver. We have long enforced appeal waivers "if they are knowingly, voluntarily, and competently provided by the defendant . . . . [B]ut because plea agreements are unique contracts, we temper the application of ordinary contract

3

principles with special due process concerns for fairness and the adequacy of procedural safeguards." *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011) (internal quotation marks and citations omitted). Thus, a waiver is unenforceable in such circumstances as "when the sentence was imposed based on constitutionally impermissible factors[,] . . . when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence." *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000) (internal citations omitted). As a result, whether Parrish's appeal waiver is binding turns on whether the government breached its obligations under the parties' plea agreement. We hold that it did not, and thus the appeals waiver bars this appeal.

"We review interpretations of plea agreements *de novo* and in accordance with principles of contract law." *United States v. Rivera*, 298 F.3d 128, 133 (2d Cir. 2002). We thus must give effect to the parties' agreement as written, while recognizing that "any ambiguities in the agreement must be resolved in favor of the defendant" and "the government must take particular care in fulfilling its responsibilities." *Id.* (internal quotation marks omitted). Here, the parties' agreement is clear.

Parrish's agreement set out three particularly relevant provisions. First, the parties stipulated to a guidelines range between 181 to 211 months' imprisonment. Second, the government agreed not to oppose Parrish's request for a downward departure based on the 31 months he was imprisoned for a prior related state offense. And third, the government retained the ability to seek an upward variance based on sentencing factors under 18 U.S.C. § 3553(a). Together, these provisions allowed the government to pursue any sentence within the Stipulated Guidelines Range, or outside the range if it relied on factors supporting a variance, so long as it did not rely on an objection to the Downward Departure Provision.

The record shows the government stayed within these bounds. Although it sought a sentence of 211 months' imprisonment, reflecting an upward variance, the government made clear its argument depended on § 3553(a) factors, rather than opposition to Parrish's requested downward departure. In fact, the government agreed the downward departure was appropriate in this case, and denied, each time it was asked, that its sentence recommendation had anything to do with crediting Parrish's time spent in prison for his prior crime.

Parrish claims our prior decisions compel a different result. Here, however, the government did not challenge the propriety of the downward departure, as it did in *United States v. Griffin*, 510 F.3d 354 (2d Cir. 2007), after agreeing not to do so. 510 F.3d at 364-65 (finding the government in breach of a plea agreement when it challenged the defendant's request for a downward adjustment for acceptance of responsibility after promising it would not do so); *see also United States v. Vaval*, 404 F.3d 144, 153-54 (2d Cir. 2005) (finding that the government breached its obligation under a plea agreement not

4

to seek an upward departure or to advocate for a particular sentence by making statements serving "no purpose other than to advocate that the court upwardly depart or impose a high sentence within the Guidelines range"). Nor does Parrish allege the parties' plea agreement was confusing or so technical he did not understand it. *See United States v. Rosa*, 123 F.3d 94, 101 (2d Cir. 1997) (casting doubt on the validity of confusing or highly technical plea agreements defendants are unlikely to understand).

Rather, the government's approach here is most similar to *United States v. Miller*, 993 F.2d 16 (2d Cir. 1993), where we held that the government's oral promise at the plea proceedings not "to bar [Miller] from making his motion for a downward departure" on the basis of the defendant's "psychiatric state" did not preclude a request by the Government for an upward departure based on the harm to the victim. 993 F.2d at 18, 20. We held that there is "no basis in the Guidelines or in logic for [the] proposition that an agreement by the government not to oppose a defendant's motion for a downward departure should, in the absence of an express agreement, bar the government from seeking an upward departure on appropriate grounds." *Id.* Here, as in *Miller*, the government agreed not to oppose a specific downward departure request, and here, as in *Miller*, nothing in the agreement kept the government from seeking a variance to a 211 month sentence. In fact, unlike *Miller*, the written plea agreement here specifically *permitted* such a request.

Nevertheless, Parrish challenges the government's good faith, arguing that the government breached the spirit of the parties' agreement by seeking a 211 month sentence "*only if* the Court granted the negotiated downward departure." Reply Br. at 2. He maintains that the government made this condition clear in a footnote stating: "To the extent the Court is inclined to give Parrish credit for time spent in jail on relevant conduct . . . the Government asks that the Court impose a sentence of 211 months imprisonment *after* such credit is given, so that Parrish's actual sentence is 211 months." App'x at 91. Parrish also claims the government's request for an upward variance in the exact amount of his downward departure provides additional evidence of bad faith. But the record merely indicates that the Government sought a total sentence of 211 months' imprisonment based on the factors set forth in 18 U.S.C. § 3553(a), as it had the right to do under the plea agreement and which the defendant's conduct well-supported. Thus, we find the government's request consistent with a good faith attempt to seek an appropriate sentence, within the bounds of the plea agreement, rather than an effort to frustrate Parrish's plea agreement.

**Conclusion**

We have reviewed Parrish's remaining arguments and find them without merit. For the reasons stated above, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court