*United States v. Cristian Fernandez*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of June, two thousand twenty-two.

PRESENT:
> REENA RAGGI,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

───────────────────────────────────────

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                No. 20-1017

CRISTIAN FERNANDEZ,

> *Defendant-Appellant*,

JOHNNY FERNANDEZ, JESUS GONZALEZ, JUAN HERNANDEZ, JUAN PABLO RENDON-INZUNZA, NICOLE MAISONET, GABRIEL ORTIZ, AKA BEBE, MARIA ROLON, EDGARDO RUIZ, AKA RORO, HECTOR SANCHEZ, AKA TITIO, GILBERT TORRES, FABIOLA VEGA, JOHN VIEIRA, AKA JOHN-JOHN,

*Defendants.*[*]

_____

FOR APPELLANT:                ROBERT A. CULP, Law Office of Robert A. Culp, Garrison, NY.

FOR APPELLEE:                 SAM ADELSBERG (Olga I. Zverovich, Won S. Shin, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Briccetti, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 12, 2020, is **AFFIRMED**.

Defendant-Appellant Cristian Fernandez appeals from the judgment sentencing him to a 204-month prison term after he pleaded guilty to narcotics conspiracy, *see* 21 U.S.C. §§ 841(b)(1)(A), 846, and possession of a firearm in furtherance of a drug trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A)(i). We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

Fernandez's primary argument on appeal is that certain district court comments at sentencing could have created the impression that his sentence was based on his status as a noncitizen, thereby requiring resentencing.

As an initial matter, the government argues that this claim is barred by Fernandez's plea agreement, which waives the right to appeal or otherwise challenge any sentence of 270 months' imprisonment or less. Knowing and voluntary waivers of the right to appeal a conviction and sentence are presumptively enforceable. *See United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011). Although exceptions to the presumption of enforceability occupy "a

_____

[*] The Clerk of Court is directed to amend the official caption to conform with the above.

very circumscribed area of our jurisprudence," *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000), an exception is available if the defendant seeks "to appeal from an arguably unconstitutional use of naturalized status as the basis for a sentence," *United States v. Jacobson*, 15 F.3d 19, 23 (2d Cir. 1994). Here, we will consider the merits of Fernandez's primary claim notwithstanding his appellate waiver because (1) his challenge to the district court's comments is arguably constitutional, (2) we have already denied the government's motion to dismiss based on the appellate waiver, and (3) the government recognizes that the enforceability of the appellate waiver as to this argument would turn on the merits in any event. *See id.* at 22–23 (finding that an appellate waiver in a plea agreement did not bar the defendant's appeal, but concluding that the defendant's claim failed on the merits).

Turning to the merits, "[i]t has long been settled in this Circuit that although reference to national origin and naturalized status is permissible during sentencing, it is allowed only so long as it does not become the basis for determining the sentence." *United States v. Kaba*, 480 F.3d 152, 156 (2d Cir. 2007) (internal quotation marks and brackets omitted). Under our precedents, "[b]ecause justice must satisfy the appearance of justice, even the appearance that the sentence reflects a defendant's race or nationality will ordinarily require a remand for resentencing." *Id.* (internal quotation marks omitted). A remand is generally warranted if "there is a sufficient risk that a reasonable observer, hearing or reading the quoted remarks, might infer, however incorrectly, that [the defendant's] ethnicity and alien status played a role in determining [his] sentence." *United States v. Leung*, 40 F.3d 577, 586–87 (2d Cir. 1994).

In his sentencing submission, Fernandez urged the district court to impose only the mandatory 180-month minimum prison term for his admitted crimes. One point that Fernandez made in favor of leniency was that, as a noncitizen, he will inevitably be deported to Mexico after his term of incarceration. Fernandez's counsel reiterated this point at sentencing, arguing that the district court should consider that deportation will be a severe collateral consequence of his conviction and questioning whether United States citizens would want to incarcerate him for longer than the mandatory minimum before "send[ing] him back to Mexico anyway." App'x at 167.

After hearing from the government, defense counsel, and Fernandez, the district court imposed a below-Guidelines sentence of 204 months' imprisonment. The district court reasoned that Fernandez's position as "the leader of a transnational narcotics trafficking operation" and his sale of four firearms to a confidential informant could have justified a Guidelines sentence of 228 to 270 months' imprisonment. *Id.* at 187–88. It concluded, however, that his difficult childhood and the support of his children were mitigating factors that warranted a below-Guidelines sentence. The district court then rejected Fernandez's argument for leniency based on his likely future deportation.

On this record, which shows that (1) Fernandez himself interjected the issue of his non-citizenship status into the sentencing proceedings, (2) the district court's challenged remarks were made only to explain its permissible rejection of Fernandez's argument that such status was a mitigating factor given his leadership role in a criminal enterprise and the seriousness of his crimes, and (3) the district court identified other mitigating factors warranting some leniency, we conclude that Fernandez's status as a noncitizen "[did] not become the basis for determining the sentence." *Kaba*, 480 F.3d at 156 (quoting *Jacobson*, 15 F.3d at 23). Moreover, on this record, no reasonable observer would conclude that Fernandez's status as a noncitizen played an adverse role in his sentencing. *See Leung*, 40 F.3d at 586–87. Accordingly, Fernandez is not entitled to a resentencing based on his first claim.

Second, Fernandez argues that he was unfairly affected by the government's allegedly impermissible "stacking" of Section 924(c) charges in the superseding indictment. Appellant's Br. at 26. The merits of this claim are questionable. *See, e.g.*, *United States v. Lindsay*, 985 F.2d 666, 674 (2d Cir. 1993) (government may prosecute multiple Section 924(c)(1) violations "where the defendant commits multiple drug-trafficking crimes or violent crimes, and the government can link the firearms to those crimes"). We do not pursue the point here because this claim is squarely barred by the appellate waiver in Fernandez's plea agreement. Unlike Fernandez's challenge to comments at sentencing, his stacking claim does not implicate an exception to the enforceability of appellate waivers. *See Gomez-Perez*, 215 F.3d at 318. Moreover, Fernandez supplies no basis for his present assertion that his appellate waiver was not knowing and voluntary. At his plea hearing,

4

Fernandez explicitly confirmed that he had read the plea agreement, discussed it with his attorney, understood it, and understood specifically that he was waiving his right to appeal a sentence of 270 months or less. Through his unconditional guilty plea, Fernandez knowingly and voluntarily gave up his right to receive a determination related to the Section 924(c) stacking issue from the district court and to challenge it on appeal. He fails to demonstrate that equity warrants any different conclusion.

We have considered all of Fernandez's remaining arguments and find in them no basis for reversal. For the reasons set forth above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
