09-2933-cr
*USA v. Vasconcellos (Blackmore)*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of November, two thousand and ten.

PRESENT: JOSEPH M. MCLAUGHLIN,
                 BARRINGTON D. PARKER,
                 RICHARD C. WESLEY,

*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee,*

    -v.-                              09-2933-cr

ANTHONY B. BLACKMORE,

*Defendant-Appellant.*

_____

FOR APPELLANT:     STEVEN Y. YUROWITZ, New York, NY

FOR APPELLEE:      RAJIT S. DOSANJH, Assistant United States Attorney (Daniel Hanlon, Assistant United States Attorney, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from the United States District Court for the Northern District of New York (Sharpe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that this appeal is **DISMISSED.**

Defendant-Appellant Anthony B. Blackmore ("Appellant") appeals from a judgment of conviction entered on June 16, 2009, in the United States District Court for the Northern District of New York (Sharpe, *J.*).  Pursuant to a plea agreement, Appellant pleaded guilty to one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1).  In his plea agreement, Appellant agreed, *inter alia*, to waive his right to appeal any sentence of 87 months or less.  Appellant was sentenced to 70 months' imprisonment.  This sentence was at the low end of the applicable Guidelines range.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Appellant argues that his appeal waiver is void because

2

the district court refused to exercise its discretion under *Kimbrough v. United States*, 552 U.S. 85 (2007), to impose a non-Guidelines sentence based on the cocaine base/cocaine powder disparity contained in the Guidelines. We disagree.

Generally, "a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed guideline range is enforceable." *United States v. Rosa*, 123 F.3d 94, 97 (2d Cir. 1997). In some circumstances, however, a waiver of appellate rights will be unenforceable, such as "when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amounting to an abdication of judicial responsibility subject to mandamus." *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000) (internal citations and quotation marks omitted). These exceptions are circumscribed, however, and we have "upheld waiver provisions even in circumstances where the sentence was conceivably imposed in an illegal fashion or in violation of the Guidelines, but yet was still

within the range contemplated in the plea agreement." *Id*.

We see no reason on this record to ignore the waiver contained in Appellant's plea agreement. Appellant's sentence is below 87 months and is within the range contemplated by the plea agreement. Further, there is no indication that the waiver was not made knowingly or voluntarily. Finally, contrary to Appellant's contention, the record unambiguously establishes that the district court understood its discretion under *Kimbrough* to lower Appellant's sentence in light of the crack/powder disparity. The court explicitly chose not to exercise that discretion and went on to conclude that in light of Appellant's conduct and criminal history, a sentence at the low end of the Guidelines range was reasonable. The district court did not treat the Guidelines as mandatory by concluding that it was inappropriate in this instance to exercise the discretion afforded under *Kimbrough*.

Appellant waived his right to appeal. Consequently, his appeal is barred. We have considered Appellant's other arguments on appeal and find them to be without merit.

For the foregoing reasons, this appeal is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk