14-4552-cr
*United States of America v. Keith Lewis*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand seventeen.

PRESENT:   JOSÉ A. CABRANES,
                    DEBRA A. LIVINGSTON
                                *Circuit Judges,*
                    RICHARD W. GOLDBERG,
                                *Judge.*\*

---

UNITED STATES OF AMERICA,

        *Appellee,*                                                    14-4552-cr

        v.

KEITH LEWIS,

        *Defendant-Appellant.*

---

\* Judge Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

**FOR APPELLEE:**                                    Elizabeth Moellering, Joseph J.
Karaszweski, *for* James P. Kennedy,
United States Attorney for the Western
District of New York, Buffalo, New York.


**FOR DEFENDANT-APPELLANT:**            David R. Morabito, Law Office of David
R. Morabito, East Rochester, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal from the December 2, 2014 judgment of the District Court be and hereby is **DISMISSED**.

Defendant-Appellant Keith Lewis ("defendant" or "Lewis") pleaded guilty to conspiring to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. Lewis pleaded guilty pursuant to a plea agreement in which he waived his right to appeal and collaterally attack any sentence imposed by the District Court that fell within or was less than the sentencing range for imprisonment set forth in his plea agreement. Lewis now appeals the district Court's denial of his motion to vacate his guilty plea and argues that the government acted in bad faith when it refused to move for a U.S.S.G. § 5K1.1 sentence reduction. The Court assumes the parties' familiarity with the underlying facts, the record, and the issues on appeal.

## BACKGROUND

On May 14, 2013, Lewis was arrested after police officers in Greece, New York, found cocaine in his car in the course of a traffic stop. Due to applicable career offender provisions, Lewis faced a mandatory sentence of life imprisonment if convicted at trial and if the government filed an information listing Lewis's prior felony drug convictions. The plea offer presented to him by the government stipulated a Guidelines range of 292 to 365 months' imprisonment. His plea agreement also stated that the government would move for a U.S.S.G. § 5K1.1 sentence reduction if Lewis provided substantial assistance to the government. Lewis ultimately entered a plea of guilty to a one-count Information charging the above offense on October 25, 2013.

During his plea colloquy, Lewis confirmed his understanding that, pursuant to his plea agreement, the charges against him carried a mandatory minimum term of 20 years' imprisonment and a maximum possible sentence of life imprisonment. Lewis then confirmed, under oath, his understanding that the Sentencing Guidelines range projected in his plea agreement was 292 to 365

months. Lewis confirmed his understanding that he could not contest or seek a sentence outside of that range, other than a reduction related to credit for future cooperation. Lewis also confirmed his understanding that the government would move pursuant to either § 5K1.1 of the Sentencing Guidelines and/or § 3553(e) of Title 18 and seek a sentence below the plea agreement's stated Guidelines range and/or the statutory minimum only if Lewis provided substantial cooperation and assistance to the government, refrained from engaging in any other illegal activity, and committed no other action that might cause a breach of his plea agreement. Lewis confirmed his understanding that the decision to move to depart downward pursuant to § 5K1.1 was within the sole discretion of the government. Last, Lewis confirmed his understanding that he had waived his right to appeal any sentence that fell within or below the stipulated Guidelines range of 292 to 365 months. The District Court questioned the defendant extensively about his understanding of each of these aspects of his plea agreement before it ultimately accepted defendant's guilty plea.

After the entry of his plea and prior to sentencing, Lewis moved to withdraw his guilty plea, asserting that it was the product of ineffective assistance of counsel. In support of his claim, Lewis argued that (1) his original defense counsel initially advised him that he faced a ten-year sentence that would be reduced by cooperation, and later informed him that the sentence would in fact be in the range of 292 to 365 months, prior to any reduction for cooperation; (2) his original defense counsel urged defendant to plead guilty in order to lessen punishment for his wife, who also faced criminal prosecution arising out of the same charges; and (3) his original defense counsel failed to take appropriate measures to keep confidential the fact that Lewis was cooperating with the government.[1]

In turn, the government subsequently moved to find Lewis in breach of his plea agreement and to relieve the government of its obligations under the plea agreement's "Cooperation" section, on the ground that statements made in support of his motion to vacate were false and contradicted previous statements he had made under oath.

The District Court denied defendant's motion to vacate his guilty plea, finding that the case involved little more than "buyer's remorse," and that defendant had not shown that he received ineffective assistance of counsel. The District Court granted the government's motion to find a breach of the plea agreement, and sentenced Lewis to the applicable mandatory minimum 240 month term of imprisonment. This appeal followed.

**DISCUSSION**

We review the District Court's denial of defendant's motion to withdraw a guilty plea for "abuse of discretion." *United States v. Adams*, 448 F.3d 492, 498 (2d Cir. 2006); *see generally In re Sims*,

---

[1] Lewis was provided with new defense counsel under the Criminal Justice Act on July 1, 2014, after he informed the District Court that he wished to be assigned a new lawyer.

534 F.3d 117 (2d Cir. 2008) (explaining the term of art "abuse of discretion"). A defendant may withdraw his plea if he "'can show a fair and just reason for requesting the withdrawal.'" *Adams*, 448 F.3d at 498 (quoting Fed. R. Crim. P. 11(d)(2)(B)). A "defendant bears the burden of demonstrating valid grounds for withdrawal." *Id.* (citation omitted). Findings of fact leading to the denial of a motion to withdraw a guilty plea are reviewed for clear error. *United States v. Goodman*, 165 F.3d 169, 173 (2d Cir. 1999).

Relatedly, we presume a waiver of the right to appeal to be valid and enforceable. *See United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000) ("[E]xceptions to the presumption of the enforceability of a waiver … occupy a very circumscribed area of our jurisprudence. Accordingly, we have upheld waiver provisions even in circumstances where the sentence was conceivably imposed in an illegal fashion or in violation of the Guidelines, but yet was still within the range contemplated in the plea agreement."). An appeal waiver does not become unenforceable simply because a defendant brings a claim of ineffective assistance of counsel; Lewis can only prevail in the circumstances presented if the record on appeal indicates that his claim of ineffective assistance is meritorious. *United States v. Monzon*, 359 F.3d 110, 118-19 (2d Cir. 2004) ("The appeal waiver would be unenforceable if the record of the criminal proceeding revealed that the claim that the waiver was the result of ineffective assistance of counsel was meritorious. But if the record on appeal shows that that claim lacks merit, the appeal should be dismissed because the waiver should be enforced."). To succeed on a claim of ineffective assistance of counsel, in turn, a defendant must show that (1) his representation "fell below an objective standard of reasonableness" under prevailing professional norms, and (2) "there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88, 693-94 (1984). Defendant must show that he would not have pleaded guilty but for the deficient performance of his lawyer. The burden of proving both of these elements rests with the defendant. *Id.* at 687.

## I.

The record clearly demonstrates that defendant's appeal waiver was knowing and voluntary, and the District Court committed no error, much less an abuse of discretion, in denying defendant's motion to vacate the plea agreement. During defendant's plea allocution, the District Court properly confirmed that defendant understood and willingly assented to every aspect of his plea agreement. Lewis specifically acknowledged under oath his understanding that his plea agreement contained an agreed-upon sentencing range of 292 to 365 months, and that the ultimate sentence he received would be determined by the District Court. Defendant also unambiguously indicated his understanding that by signing his plea agreement he was waiving his right to appeal or challenge a sentence within or below this range. Defendant's sworn, unambiguous statements in which he indicated his understanding of the terms and consequences of his plea agreement render that agreement, and its waiver provisions, valid and enforceable. *See, e.g., Garcia–Santos v. United States,* 273

F.3d 506, 508 (2d Cir. 2001) (finding a valid waiver where defendant "signed the plea agreement," and told the magistrate judge "that he had read and understood the plea agreement").

## II.

Defendant next argues that he should not be bound by the otherwise valid appeal waiver in his plea agreement because he was denied effective assistance of counsel. We agree with the District Court that defendant has not shown deficient performance by his attorney and actual prejudice, as required under *Strickland*.

Defendant first claims that his lawyer provided ineffective assistance by initially informing him that he would receive a sentence of only ten years, and then later advising him that his sentence would fall within the 292 to 365 month range. Defendant's counsel stated in a sworn affidavit that he at no point informed defendant that he would be sentenced to ten years' imprisonment. The District Court did not abuse its discretion in crediting this account and denying defendant's motion when the record also indicated numerous occasions where the District Court, in open court, informed defendant prior to his signing of the plea agreement that his stipulated Guidelines range before any credit for cooperation would be 292 to 365 months.

Defendant's related claim—that his counsel was deficient in urging him to consider the consequences for his wife if he rejected the government's plea offer—is similarly unavailing. While it might be the case that defense counsel urged Lewis that it would be in his wife's best interest for defendant to accept the government's plea offer, defendant has not shown that this conduct fell below an objective standard of reasonableness. Counsel provided rational advice to a client who admittedly faced an array of entirely unappealing options.

We also find no factual support for defendant's third claim—that his counsel failed to take appropriate measures to keep confidential the nature of his client's cooperation with the government.

Moreover, defendant has not shown that he was prejudiced by any of these alleged deficiencies. Any claim that counsel's advice or related shortcomings somehow coerced defendant into pleading guilty is refuted by defendant's unambiguous statements during his plea colloquy that he fully understood the terms and consequences of his plea agreement.

In sum, the District Court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea on the ground that he did not present a valid claim of ineffective assistance of counsel.

**III.**

Last, defendant claims that the District Court erred in rejecting his request for a § 5K1.1 downward departure in light of the substantial assistance he believes he provided to the government.

We agree with the District Court that, because the government had reason to believe that Lewis had breached his plea agreement, it did not act in bad faith by refusing to move for the downward departure, or by moving to find Lewis in breach of his plea agreement. The government reasonably believed that Lewis, in the process of moving to vacate his plea, provided information that contradicted previous statements he had made under oath in proffer sessions. In his affidavit in support of his motion to vacate his plea, defendant asserted factual innocence and shifted blame to other involved parties, after having admitted to the charged crimes in his plea allocution. Furthermore, defendant claimed not to have understood the terms of his plea agreement, after clearly indicating his understanding of each of the agreement's provisions during his allocution.

The government's § 5K1.1 motion was contingent on defendant's having cooperated fully, his having provided substantial assistance to law enforcement authorities, and his having otherwise complied with the terms of the agreement. Those terms included that Lewis provide truthful, complete, and accurate information to law enforcement authorities. Furthermore, the agreement expressly stated that the government would be released from its obligation to file the § 5K1.1 motion if Lewis intentionally provided false, misleading, or incomplete information. The District Court thus committed no error in finding that Lewis's plea agreement had been breached. *See United States v. Brechner,* 99 F.3d 96, 99-100 (2d Cir. 1996) (holding that the government did not act in bad faith when it declined to file a § 5K1.1 motion where defendant breached his cooperation agreement by lying during the course of cooperation, and thus destroying his credibility as a trial witness). Because we agree with the District Court that defendant did not show ineffective assistance of counsel under *Strickland*, and did not show that the government acted in bad faith in failing to submit a § 5K1.1 letter, we also conclude that defendant remains bound by the appeal waiver in his plea agreement.

**CONCLUSION**

We have considered all of defendant's arguments in support of appealability and have found them to be without merit. Given that defendant agreed to waive any right to appeal a sentence in the range within which he was in fact thereafter sentenced, and that the record does not support the contention that that agreement was unknowing, involuntary, or the product of ineffective assistance of counsel, we conclude that the right to appeal has been waived.

Lewis's appeal waiver is enforceable, and we therefore **DISMISS** the appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
