18-2259-cr
*United States v. Rodriguez*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of October, two thousand nineteen.

PRESENT:  JON O. NEWMAN,
  JOSÉ A. CABRANES
  GERARD E. LYNCH,
    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

  *Appellee,*                                    18-2259-cr

  v.

JONATHAN RODRIGUEZ, ALSO KNOWN AS BEBO,

  *Defendant-Appellant*,

ANDREW ECHEVARRIA, ALSO KNOWN AS DREW, MARQUIS WRIGHT, ALSO KNOWN AS MARK, WALI BURGOS, ALSO KNOWN AS GUY FISHER, JASON BENJAMIN, ALSO KNOWN AS JC, JORDAN RIVERA, WILLIAM AMARIZAN, ALSO KNOWN AS WILL DOLLARS, ALSO KNOWN AS SPANISH WILL, RAHEEM AMARIZAN, ALSO KNOWN AS RAH RAH, TJON MACOLL, ALSO KNOWN AS TJ, COREY HEYWARD, JONATHAN HARRIS, ALSO KNOWN AS EGGY, WILLIAM KNOX, ALSO KNOWN AS MILLS GUNNA, COREY COOKS, DAQUAN MCBETH, ALSO KNOWN AS DAY DAY, JAHNOMI BENJAMIN, ALSO KNOWN AS JAMROC,

KEITH RUIZ, ALSO KNOWN AS KEEFY, RYAN
VALENTIN, MIGUEL ROMERO, ALSO KNOWN AS
MIKEY, KAYE ROSADO, ALSO KNOWN AS TRIPPA,
NAQUANN SIMMONS, ALSO KNOWN AS YOUNG
MONEY, DIQUINN LACEND, ALSO KNOWN AS
NAUGHTY, WILFREDO RIVERA, ALSO KNOWN AS
CITO, KENNETH JENKINS, VINCENT FIELDER, ALSO
KNOWN AS DJ, MIA DENTICO, PAMELA BROWN,

*Defendants.*

---

**FOR APPELLEE:**

MAX NICHOLAS (Karl Metzner, *on the brief*), Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

**FOR DEFENDANT-APPELLANT:**

MEGAN WOLFE BENETT, Joyce C. London, P.C., New York, NY, *on the brief*.

Appeal from a July 26, 2018 judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED.**

Defendant-Appellant Jonathan Rodriguez ("Rodriguez") appeals from a judgment sentencing him to the mandatory minimum term of 30 years' imprisonment following his guilty plea to: (1) knowingly using and carrying a firearm during and in relation to a crime of violence—namely, the murder of Brandon Howard ("Howard") in aid of racketeering—in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (2) knowingly using and carrying firearms, some of which were discharged, during and in relation to a crime of violence—namely, his participation in a racketeering enterprise called "18 Park"—and during and in relation to a conspiracy to distribute narcotics, in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii), and (iii), 924(c)(1)(C)(i), and 2. On appeal, Rodriguez argues that the District Court procedurally erred by holding that it lacked the authority to depart downward under United States Sentencing Guidelines ("Guidelines") §§ 5G1.3 and 5K2.23 to account for the 41 months that Rodriguez spent in custody for related but dismissed state charges for Howard's murder. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

## I. The Validity of Rodriguez's Appeal Waiver

"[W]aivers of the right to appeal a sentence are presumptively enforceable." *United States v. Burden*, 860 F.3d 45, 51 (2d Cir. 2017) (internal quotation marks omitted). Only in very limited circumstances will we decline to enforce an appeal waiver, such as where the waiver was not made "knowingly, voluntarily, and competently," where the sentence was "based on constitutionally impermissible factors," where the Government "breach the [plea] agreement," or where the district court "failed to enunciate any rationale for the defendant's sentence." *Id.* (internal quotation marks omitted). Rodriguez does not contest the enforceability of his appeal waiver. Rather, he contends that the waiver's language is ambiguous and does not clearly prohibit a challenge to the District Court's decision not to credit his 41-month term of state custody.

We conclude that the waiver in Rodriguez's plea agreement unambiguously precludes the present appeal. The appeal waiver expressly prohibits any challenge to a sentence of 30 years' imprisonment or less:

> It is agreed (i) that the defendant will not file a direct appeal . . . of any sentence within or below the Stipulated Guidelines Sentence of 30 years' imprisonment . . . . This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. . . . The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case.

App. 64. Thus, any alleged procedural error in the Guidelines calculation is insufficient to undo an appellate waiver where, as here, the sentence imposed comes within the range contemplated by the waiver. *See United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000) ("[W]e have upheld waiver provisions even in circumstances where the sentence was conceivably imposed in an illegal fashion or in violation of the Guidelines, but yet was still within the range contemplated in the plea agreement."). In sum, while the plea agreement may have left open certain procedural questions, including whether a downward departure under the Guidelines was applicable and whether the "30 years [would] combine his time in state custody as well as federal custody," Appellant Reply Br. 3, it did not tie the appellate waiver to the District Court's resolution of these issues. Put simply, the appellate waiver was tied to the length of the sentence imposed, not to processes used by Judge Engelmayer to calculate the sentence.

## II. Harmless Error

Even were we to conclude that the appellate waiver does not bar the present appeal and that Judge Engelmayer procedurally erred by failing to apply a downward departure under the Guidelines, that error would be harmless because it would not have affected the sentence imposed on Rodriguez. "[W]here we identify procedural error in a sentence, but the record indicates clearly that the district court would have imposed the same sentence in any event, the error may be deemed harmless, avoiding the need to vacate the sentence and to remand the case for resentencing." *United States v. Thompson*, 921 F.3d 82, 88 (2d Cir. 2019) (internal quotation marks omitted).

Here, the sentencing transcript leaves no doubt that Judge Engelmayer would have sentenced Rodriguez to at least a 30-year term of imprisonment even if he had concluded that he possessed the authority to depart downward under the Guidelines. Not only did Judge Engelmayer describe the 30-year sentence as "richly warranted here," but he also stated that "any shorter sentence would in my judgment *disserve* the [18 U.S.C. § 3553(a)] factors . . . virtually all of which require that [Rodriguez] spend a very long time in prison." App. 149 (emphasis added). Finally, Judge Engelmayer stated that even though he was imposing the mandatory minimum, "sentences longer than 30 years would also have been reasonably justified given what [Rodriguez] did." *Id.* Accordingly, any procedural error that may have been committed in the calculation of Rodriguez's Guidelines sentence was harmless because it would not have affected Rodriguez's ultimate sentence.

## III. Bureau of Prisons' Credit Calculation—18 U.S.C. § 3585(b)

At oral argument, Rodriguez contended that he was entitled to credit, pursuant to 18 U.S.C. § 3585(b), for the approximately 41 months he spent in New York state custody beginning in December 2008. We ordered the Government to solicit the position of the Bureau of Prisons ("BOP") on that issue and provide this Court with its response. The Government sought the position of the BOP as to whether "a credit for prior custody should be given, pursuant to Title 18, United States Code, Section 3585(b), as a result of pretrial detention on ultimately-dismissed state charges that relate to a subsequent federal count of conviction." Dkt. No. 56. In a letter to this Court, the Government conveyed the response of the BOP, which—in the Government's words— "indicates that according to BOP's Sentence Computation Center, Rodriguez will be entitled to a credit for the period of State Pretrial Detention if it has not already been credited against any other sentence." Dkt. No. 56. It appears that Rodriguez will likely receive the credit he seeks. We express no view on the BOP's credit calculation at this time. In the event Rodriguez is dissatisfied with the decision of the BOP, he may seek judicial resolution of any dispute with BOP at the appropriate time.

## CONCLUSION

We have reviewed all of the arguments raised by Rodriguez on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the July 26, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk