UNITED STATES of America,
Appellee,

v.

Manuel RUIZ, Defendant–Appellant.

No. 06–5909–cr.

United States Court of Appeals,
Second Circuit.

April 1, 2008.

Clinton W. Calhoun, III, Briccetti, Calhoun 2 & Lawrence, LLP, White Plains, N.Y., for Defendant–Appellant.

Jason P.W. Halperin, Assistant United States Attorney, for Michael J. Garcia, United States Attorney for the Southern District of New York (Katherine Polk Failla, of counsel), New York, N.Y., for Appellee.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI, Circuit Judges, Hon. STEFAN R. UNDERHILL, District Judge.*

## SUMMARY ORDER

Appellant Manuel Ruiz, who pled guilty in the United States District Court for the Southern District of New York (Stein, *J.*) to conspiracy to distribute and possess with intent to distribute five kilograms or more of mixtures and substances containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846, and distribution and possession with intent to distribute mixtures and substances containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2, appeals his sentence of 210 months' imprisonment. We assume the parties' familiarity with the facts and procedural history of the case.

Appellant's plea agreement expressly prohibited him from appealing "any sentence within or below the Stipulated Guidelines Range of 210 to 262 months." Appellant argues that the appeal waiver does not bar appeal of his sentence because it was imposed illegally, in violation of the parsimony clause of 18 U.S.C. § 3553(a). He relies on statements by the sentencing judge that "the guideline range is greater than necessary to comply with the purposes set forth in ... section 3553(a)." We need not decide whether Appellant's sentence violated the parsimony clause, however, because we hold that the appeal waiver in Appellant's plea agreement is enforceable.

This Court will decline to enforce an appeal waiver only in a "very circumscribed" set of situations. *United States v. Gomez–Perez*, 215 F.3d 315, 319 (2d Cir. 2000). Those situations include when the waiver was not knowing, voluntary, or competent, when the sentence was imposed based on constitutionally impermissible considerations, when the Government has breached the plea agreement, and when the sentencing court has failed to state any rationale for the sentence. *Id.*

---

* Stefan R. Underhill, United States District Judge for the District of Connecticut, sitting by designation.

None of those situations is present here. Even if the sentence were imposed in violation of the parsimony clause, the appeal would nevertheless be barred by the appeal waiver. *See United States v. Rosa,* 123 F.3d 94, 97 (2d Cir.1997) (stating that appeal waivers "bar even those appeals which claim that the sentencing court illegally sentenced the defendant under the Guidelines and relevant statutes, so long as the court nevertheless imposed a sentence within the range outlined in the agreement"). Although it is not entirely clear that the sentencing judge complied with the parsimony clause, the Appellant is barred from raising that claim by the waiver included in his plea agreement.

We DISMISS the appeal as waived.