14-1976-cr (L)
United States v. Lisi

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand seventeen.

PRESENT:  GERARD E. LYNCH,
          RAYMOND J. LOHIER, JR.,
                  *Circuit Judges*,
          CHRISTINA REISS,
                  *Chief District Judge*.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

    *Appellee*,

              v.              Nos. 14-1976-cr, 14-2164-cr

BRANDON LISI,

    *Defendant-Appellant*.**

------------------------------------------------------------------

---

* Chief Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

** The Clerk of Court is directed to amend the official caption as set forth above.

FOR APPELLANT:              BRUCE ROBERT BRYAN, Syracuse, NY.

FOR APPELLEE:              ANNA M. SKOTKO (Michael D. Lockard, *on the brief*), Assistant United States Attorneys, *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and the appeal is DISMISSED in part.

Brandon Lisi appeals from a judgment of the District Court (Buchwald, <u>J.</u>) sentencing him principally to a term of 78 months' imprisonment after denying his motion to vacate his guilty plea. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and dismiss in part.

We affirm the District Court's holding that Lisi failed to raise a significant question as to "the voluntary and intelligent nature of [his] decision to plead guilty." <u>United States v. Arteca</u>, 411 F.3d 315, 320 (2d Cir. 2015). The unsworn statement of David Touger, Esq., who replaced Randy Zelin, Esq. as Lisi's counsel

after the guilty plea, fails to show that Zelin had an actual or per se conflict of interest that rendered the guilty plea involuntary. Even after the Government stressed that Touger had not provided an affidavit to support his vague allegations of conflict of interest, Touger failed to address the deficiency. Second, our review of the record, including the Government's explicit representation prior to Lisi's plea that its "commitment" to meet with Lisi's counsel in advance of any new charging decisions was not part of Lisi's agreement to plead guilty, persuades us that the Government's expression of such a commitment did not "induce" Lisi's guilty plea. Finally, we conclude that Zelin's Sentencing Guidelines advice to Lisi was not incorrect, see U.S.S.G. § 2B1.1, cmt. n.3(E), and that in any event Lisi has not demonstrated that Zelin's advice, even if inaccurate, affected his decision to plead guilty.[1] Although the better practice may be to hold a hearing, the District Court acted within its discretion in denying Lisi's motion to withdraw his guilty plea and his request for

---

[1] Lisi also argues that he received ineffective assistance of counsel from Touger in connection with the motion to withdraw his guilty plea, because Touger failed to submit evidence that he was prejudiced by ineffective assistance on the part of Zelin. But any such claim would depend on the existence of such evidence, none of which appears in the present record. Accordingly, any such claim would have to be made by a petition pursuant to 28 U.S.C. § 2255. See Billy-Eko v. United States, 8 F.3d 111, 114 (2d Cir. 1993) (holding that "ineffective assistance claims are appropriately brought in § 2255 petitions . . . because resolution of such claims often requires consideration of matters outside the record on direct appeal").

an evidentiary hearing on the ground that "counsel's contentions conflict with the history of this case," and were in part conclusory. Special App'x 28; see id. at 26; United States v. Gonzalez, 647 F.3d 41, 57 (2d Cir. 2011).

With respect to Lisi's challenges to his sentence, we dismiss that portion of his appeal as barred by a valid appellate waiver. See United States v. Arevalo, 628 F.3d 93, 98 (2d Cir. 2010). In his plea agreement, Lisi agreed in writing not to challenge any term of imprisonment less than 97 months or any forfeiture or restitution order of $7 million or less. At his plea hearing, Lisi acknowledged that he understood the terms of the plea agreement, including the appellate waiver. Lisi's term of imprisonment, amount of restitution, and amount of forfeiture are within the range that he agreed not to challenge on appeal. As for Lisi's argument that the appeal waiver is unenforceable, we review this unpreserved challenge for plain error, see United States v. Cook, 722 F.3d 477, 479 (2d Cir. 2013), and conclude that none of the "very circumscribed" exceptions to the validity of an appeal waiver applies, see United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000).

We have considered Lisi's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is

4

AFFIRMED in part and the appeal is DISMISSED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court