17-3158
*United States v. Lisi*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of March, two thousand twenty.

**PRESENT:**
> **PIERRE N. LEVAL,**
> **PETER W. HALL,**
> **GERARD E. LYNCH,**
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                          17-3158

KATERINA ARVANITAKIS, PAUL KATSAROS, AKA POLIZIOS KATSAROS,

> *Defendants*,

BRANDON LISI,

                *Defendant-Appellant*.

_____

Appearing for Defendant-Appellant:     Brandon Lisi, pro se, MDC Brooklyn, NY.

Appearing for Appellee:             Noah Solowiejczyk, Assistant United States Attorney, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Failla, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Brandon Lisi, a former New York attorney proceeding pro se, was indicted in July 2015 on three criminal counts stemming from Lisi and his co-defendant's conspiracy to steal client funds. The government charged Lisi with conspiracy to commit wire fraud, conspiracy to commit bankruptcy fraud, and conspiracy to launder money. On April 3, 2017, pursuant to a plea agreement, Lisi pled guilty to the charge of conspiracy to commit wire fraud. The district court entered

2

#

judgment of conviction on September 21, 2017 and sentenced Lisi to 38 months' imprisonment. Lisi appeals, challenging, *inter alia*, the plea agreement and his sentence.[1] We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

In his counseled brief, Lisi raises two arguments. First, he asserts that his sentence violates the parsimony clause of the federal sentencing statute, 18 U.S.C. § 3553(a), because the sentencing court did not mention parsimony during his sentencing, thereby making the sentence procedurally unreasonable. Second, Lisi contends that his attorney at sentencing was ineffective. We take these arguments in turn.

Lisi's challenges to his sentence, including his parsimony clause argument, are barred by the appellate waiver contained in his plea agreement. As an initial matter, we conclude that the appellate waiver in Lisi's April 3, 2017 plea agreement with the government is a valid, enforceable waiver.

In addition to the requirement that a plea agreement be made voluntarily and intelligently, *see Wilson v. McGinnis*, 413 F.3d 196, 199 (2d Cir. 2005) (citing

---

[1] We note that Lisi is proceeding pro se after having gone through four court-appointed attorneys. Additionally, after Lisi's fourth counsel withdrew, a three-judge panel denied Lisi's motions for appointment of counsel and appointment of standby counsel.

#

*Brady v. United States*, 397 U.S. 742, 748 (1970)), with respect to an appellate waiver, a district court must inform the defendant of, and determine that the defendant understands, "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N). Generally, "[w]aivers of the right to appeal a sentence are presumptively enforceable." *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010); *accord United States v. Burden*, 860 F.3d 45, 51 (2d Cir. 2017). "[E]xceptions to the presumption of the enforceability of a waiver . . . occupy a very circumscribed area of our jurisprudence." *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000). "In particular, we have in prior cases articulated four grounds on which an appeal waiver may be deemed unenforceable: (1) where the 'waiver was not made knowingly, voluntarily, and competently;' (2) where the sentence was 'based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases;' (3) where the government breached the agreement containing the waiver; and (4) where the district court 'failed to enunciate any rationale for the defendant's sentence.'" *Burden*, 860 F.3d at 51 (quoting *Gomez-Perez*, 215 F.3d at 319).

None of these exceptions applies here. First, Lisi, who was under oath

4

\#

during the plea proceedings, knowingly, voluntarily, and competently waived his right to appeal. The district court found explicitly that Lisi was "fully competent to enter a knowing and informed plea of guilty" and that he was "knowingly and voluntarily pleading guilty." Moreover, the court specifically directed Lisi's attention to the waiver provision of the plea agreement and confirmed that Lisi understood that he was waiving his right to appeal or otherwise challenge his sentence if the sentence was 63 months or less and that the waiver would apply whether or not the court ordered the term of imprisonment to run consecutively to or concurrently with Lisi's undischarged term of imprisonment stemming from prior and separate criminal proceedings. *See United States v. DeJesus*, 219 F.3d 117, 121 (2d Cir. 2000) (concluding that the knowing and voluntary nature of an appellate waiver can be established by demonstrating that, during the plea hearing, the defendant's attention was drawn to the waiver provision in the plea agreement).

Second, Lisi's sentence was not "based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases," and Lisi does not argue this on appeal. *Gomez-Perez*, 215 F.3d at 319. Third, contrary to Lisi's contention, the government did not breach the plea agreement containing the appellate

5

#

waiver.

Finally, with regard to the sentence imposed, the district court thoroughly articulated its rationale for Lisi's sentence. The court provided a detailed analysis of the relevant Section 3553(a) sentencing factors and explained how it weighed mitigating and aggravating factors as it carefully crafted the 38-month sentence. *See* 18 U.S.C. § 3553. There is no basis to conclude that the court "failed to enunciate any rationale" for Lisi's sentence. *Gomez-Perez*, 215 F.3d at 319.

Because the plea agreement and the appellate waiver contained therein are both valid and enforceable, Lisi cannot now claim that his sentence violates the parsimony clause. *See United States v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993) ("In no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement."); *United States v. Rosa*, 123 F.3d 94, 97 (2d Cir. 1997) ("This rule [that a defendant cannot appeal his sentence after having knowingly and voluntarily waived the right to appeal that sentence] has been held to bar even those appeals which claim that the sentencing court illegally sentenced the defendant under the Guidelines and relevant statutes, so long as the court nevertheless imposed a

#

sentence within the range outlined in the agreement." (citing *United States v. Yemitan*, 70 F.3d 746, 748 (2d Cir. 1995)); *see also United States v. Ruiz*, 272 F. App'x 19, 20 (2d Cir. 2008) ("We need not decide whether Appellant's sentence violated the parsimony clause . . . because we hold that the appeal waiver in Appellant's plea agreement is enforceable.")

Turning to Lisi's assertion that his counsel at sentencing was ineffective in this case, we do not consider this claim at this time because it was not raised below, and the appellate record is therefore insufficient. If he so chooses, Lisi may raise the issue in a petition under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("In light of the way our system has developed, in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance."); *United States v. Khedr*, 343 F.3d 96, 99 (2d Cir. 2003) (explaining that we have "expressed a baseline aversion to resolving ineffectiveness claims on direct review" (internal quotation marks omitted)).

In addition to the arguments made in Lisi's counseled brief, Lisi raises several arguments in his Pro Se Supplemental Brief. These supplemental arguments are somewhat difficult to comprehend, but we read them as follows: Lisi asserts that his plea agreement was not entered voluntarily or knowingly, that

\#

the district court erred in sentencing him, and that venue in the Southern District of New York was improper.   For the reasons that follow, we are unpersuaded.

As we have already acknowledged above, a guilty plea must be entered voluntarily and intelligently.   *Wilson*, 413 F.3d at 199.   Rule 11 of the Federal Rules of Criminal Procedure "sets forth certain requirements of the district court's plea allocution to assist the court with making the constitutionally required determination that a defendant's guilty plea is truly voluntary."   *United States v. Youngs*, 687 F.3d 56, 59 (2d Cir. 2012) (internal quotation marks omitted). Generally, "Rule 11 violations that are not objected to at the time of the plea are subject to plain error review."   *Id.*; *see also* Fed. R. Crim. P. 52(b).

Lisi's assorted arguments that his guilty plea was not voluntary or knowing are unavailing.   During the plea proceedings, Lisi stated under oath that he had read the plea agreement, understood it, and had an opportunity to discuss it with his attorney before signing it.   The district court found Lisi fully competent to enter a guilty plea and explicitly found that Lisi was "knowingly and voluntarily pleading guilty."   Moreover, the court thoroughly informed Lisi of the trial rights that he would waive by pleading guilty and the other consequences of his plea. In short, the district court abided by Rule 11's requirements, and it cannot be said

#

that the court clearly erred. *See Youngs*, 687 F.3d at 59.

Lisi contends that the government impermissibly induced him to plead guilty to a prior felony conviction and that somehow this alleged inducement nullifies the plea agreement at issue in this case.[2] Lisi raised this argument in a prior appeal, and we rejected it. *See United States v. Lisi*, 706 F. App'x 48 (2d Cir. 2017) (summary order). The argument is completely inapposite to his challenge to the subsequent valid plea agreement before us in this appeal. Lisi further asserts that the attorney that represented him at the plea proceedings in his *prior*

---

[2] On October 5, 2009, Lisi and others were indicted in the Southern District of New York for conspiring to commit wire fraud and bank fraud (the "October Indictment"). The October Indictment alleged that from 2005 through 2007, Lisi and his co-conspirators engaged in an illegal scheme to defraud various lending institutions. In December 2009, Lisi was again indicted in the Southern District of New York for conspiring to commit bank and wire fraud, as well as the substantive offenses of wire and bank fraud, in connection with a mortgage fraud scheme (the "December Indictment"). In the December Indictment, the government alleged that Lisi had held himself out as a New York attorney when in fact he was not yet admitted to practice law in the state, that he fraudulently obtained home mortgage loans under fraudulent pretenses, and that he had misappropriated the loan proceeds for his own use. In April 2013, pursuant to a plea agreement, Lisi pled guilty to one count of conspiracy to commit bank and wire fraud from the October Indictment and one count of conspiracy to commit bank and wire fraud from the December Indictment. While reviewing the terms of the 2013 plea agreement, the government informed the court and Lisi that any post-arrest criminal conduct that Lisi had engaged in (the basis for his conviction in this case) was not a part of the 2013 plea agreement; Lisi agreed to the terms of this agreement. The district court (Buchwald, *J.*) later sentenced Lisi to 78 months' imprisonment, which was within the Guidelines range. Lisi appealed, and this Court affirmed. *See United States v. Lisi*, 706 F. App'x 48 (2d Cir. 2017) (summary order).

9

#

felony conviction had a conflict of interest and that this alleged conflict of interest has rendered his guilty plea in this case involuntary and unknowing. This, however, is another recycled argument, one that we already rejected in denying Lisi's prior appeal, *see id.* at 48–49, and one that has no bearing on the validity of Lisi's plea agreement in this case.

Having already concluded that the appellate waiver in the plea agreement is enforceable, we also conclude that Lisi's supplemental assertions concerning his sentence are waived. *See Salcido-Contreras*, 990 F.2d at 53; *Rosa*, 123 F.3d at 97. Lisi has also waived any argument that venue was improper. *See United States v. Calderon*, 243 F.3d 587, 590 (2d Cir. 2001) (holding that venue is not jurisdictional and may be waived in a criminal case by entering into a valid plea agreement).

We have considered Lisi's remaining arguments, including those in his recently filed Rule 28(j) letter, and find them to be without merit. *See* Fed. R. App. P. 28(j). Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

\#