*United States v. Garigen*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of January, two thousand twenty-two.

PRESENT:
>AMALYA L. KEARSE,
>JOHN M. WALKER, JR.,
>RICHARD J. SULLIVAN,
>>*Circuit Judges.*

———————————————————————

UNITED STATES OF AMERICA,

>*Appellee,*

>v.                                                   No. 21-112

SHELBY GARIGEN,

>*Defendant-Appellant.*

———————————————————————

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | THOMAS J. EOANNOU, Esq., Buffalo, NY. |
| **FOR APPELLEE:** | MONICA J. RICHARDS, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY. |

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal is **DISMISSED.**

Shelby Garigen appeals from a judgment of conviction entered on December 31, 2020, following her guilty plea to one charge of access with intent to view material that contained images of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).  The district court sentenced Garigen to thirty-seven months' imprisonment, the bottom of the sentencing range provided in her plea agreement.  On appeal, Garigen argues that she received ineffective assistance of counsel and that her sentence was procedurally unreasonable.

As an initial matter, the government asserts that Garigen's appeal is barred by the appellate waiver in her plea agreement.  In that agreement, Garigen "knowingly waive[d] the right to appeal and collaterally attack any component of a sentence imposed by the [district court] which falls within or is less than the sentencing range" set out in the agreement, "notwithstanding the manner in which the [c]ourt determines the sentence."  App. at 73.  This Court will find an appellate waiver "unenforceable only in very limited situations," including "when the

waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence." *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010) (internal quotation marks omitted); *see United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000) (stating that we have "upheld waiver provisions even in circumstances where the sentence was conceivably imposed in an illegal fashion or in violation of the Guidelines, but yet was still within the range contemplated in the plea agreement").

Garigen argues that this Court should decline to enforce her appellate waiver in light of the government's alleged misconduct below, which she argues violated "fundamental tenets of fairness and due process of law." Garigen Br. at 25. Specifically, Garigen asserts that (1) the parents of a victim ("Victim 1") made false and biased statements against Garigen and should not have been allowed to speak at her sentencing; (2) Victim 1's father had improper control over the prosecution of Garigen's case; and (3) Victim 1's father was given access to

2

Garigen's confidential Presentence Investigation Report ("PSR") and discussed the contents of her PSR at sentencing.

None of Garigen's arguments falls within the "very circumscribed" exceptions to the validity of an appellate waiver. *Gomez-Perez*, 215 F.3d at 319. First, even if Victim 1's parents did not have an express right to speak at Garigen's sentencing under the Crime Victims' Rights Act, 18 U.S.C. § 3771, the court was certainly within its power to permit them to speak, "[p]rovided that [Garigen] ha[d] a fair opportunity to respond" – which she did. *United States v. Smith*, 967 F.3d 198, 216 (2d Cir. 2020) (recognizing that "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence" (internal quotation marks and alterations omitted) (quoting 18 U.S.C. § 3661)). Garigen clearly was free to object or respond to any of the statements that Victim 1's parents made during her sentencing, and the district court was permitted to consider all of these statements as relevant in formulating a sentence.

Second, in asserting that Victim 1's father "advised the court that he 'helped the U.S. Attorney's Office prosecute this case,'" Garigen Br. at 16, 22, 29, Garigen

3

blatantly mischaracterizes – or at least misconstrues – the record, which reveals that Victim 1's father merely expressed gratitude to FBI agents who helped with the case. *See* App. at 152 ("I'd like to thank the FBI. . . . I've been in contact with the agents who investigated it and helped the U.S. Attorney's Office prosecute this case."). Indeed, the suggestion that it was Victim 1's father, as opposed to the FBI agents, who "helped the U.S. Attorney's Office prosecute this case" is a distortion that borders on semantic gamesmanship. Likewise, the contention that Victim 1's father professed some "veto power" over the government's plea offer is not supported by the record, which merely reflects that the father expressed several "specific request[s]" to the government, and later the district court, that Garigen serve jail time. *Id.* at 158; *see* Garigen Br. at 30. Finally, Garigen again misinterprets the record when she asserts that Victim 1's father had access to her confidential PSR simply because he acknowledged that the *judge* had read the PSR, App. at 156 ("I know you've read the PSR, Judge"), after the court itself had already referred to the PSR and adopted the facts therein.[1] Accordingly, we reject Garigen's

---

[1] Garigen also contends that Victim 1's father discussed facts from the PSR in his remarks at sentencing, but these facts were also set forth in publicly available documents in Garigen's case.

4

challenge to the enforceability of her appellate waiver and decline to consider her appeal as to her sentence.

Garigen also argues that she received ineffective assistance of counsel "throughout the proceedings, and most particularly prior to and during the sentencing phase of the prosecution," Garigen Br. at 31, because her counsel (1) failed to object after receiving notice that Victim 1's parents would speak at sentencing, and (2) did not address the fact that even though federal law prohibits the receipt of sexual images of 17-year-olds, certain states do not criminalize sexual relations with 17-year-olds, purportedly creating an "anomaly" in the Sentencing Guidelines, *id.* at 28–29. But these arguments are also barred by the appeal waiver contained in Garigen's plea agreement. We may consider an ineffective assistance claim despite the existence of an appellate waiver where "the defendant claims that the plea agreement was entered into without the effective assistance of counsel." *United States v. Hernandez*, 242 F.3d 110, 113–14 (2d Cir. 2001). But we have previously declined to address an ineffective assistance claim that "in reality is challenging the correctness of [a defendant's] sentence" where the defendant has entered into a valid plea agreement and waived her right to challenge her sentence on appeal. *United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir. 1998)

5

(explaining that "[i]f we were to allow a claim of ineffective assistance of counsel at sentencing as a means of circumventing plain language in a waiver agreement, the waiver of appeal provision would be rendered meaningless").

Although Garigen asserts that some part of her ineffective assistance claim relates to counsel's conduct during the "plea phase" of her proceeding, Garigen Br. at 28, she has pointed to nothing in the record that suggests she received ineffective assistance of counsel in connection with her guilty plea or that counsel's conduct in any way undermined the knowing and voluntary nature of her plea. Instead, her challenge to the competency of counsel centers on counsel's performance in connection with sentencing, which clearly is barred by her appellate waiver. We therefore decline to address it. *Djelevic*, 161 F.3d at 107.

Moreover, even if it could be argued that Garigen's ineffective assistance claims were not covered by the appeal waiver, her arguments would still fail on the merits, since she cannot make the requisite showing that her counsel's representation "fell below an objective standard of reasonableness." *Parisi v. United States*, 529 F.3d 134, 140 (2d Cir. 2008) (stating that an ineffective assistance claim requires a defendant to "(1) demonstrate that his counsel's performance fell below an objective standard of reasonableness in light of prevailing professional

6

norms; and (2) affirmatively prove prejudice arising from counsel's allegedly deficient representation" (internal quotation marks omitted)).  As we noted above, the district court was permitted to hear from Victim 1's parents at Garigen's sentencing, so counsel cannot be faulted for failing to make a meritless legal argument.  Moreover, counsel's decision to focus on other mitigating factors at sentencing, rather than pursue a questionable legal argument regarding the differences between state and federal criminal laws, was certainly within "the exercise of reasonable professional judgment," particularly where Garigen has identified no case law upon which counsel could have relied in making such an argument.  *Strickland v. Washington*, 466 U.S. 668, 690 (1984).

Accordingly, we **DISMISS** this appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7