22-933 (L)
*United States v. Avila (Patterson)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

   **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5ᵗʰ day of February, two thousand twenty-four.**

PRESENT:
        ROBERT D. SACK,
        REENA RAGGI,
        JOSEPH F. BIANCO,
             *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

             *Appellee,*

        v.                                                   22-933-cr, 22-1010-cr

PATRICK AVILA, a/k/a SEALED DEFENDANT 1, JALEN COLDS, a/k/a SEALED DEFENDANT 2, NAZAE BLANCHE, a/k/a SEALED DEFENDANT 3, DONNELL JENKINS, a/k/a SEALED DEFENDANT 4, LEON SMALLS, COREY CRAY, a/k/a BOREY, ISAIAH MOSS, a/k/a ZAYA, DEVONAIRE PRICE, a/k/a DEV,

             *Defendants,*

TYLER PATTERSON, a/k/a TY, JOSE CABAN, a/k/a NENE,

             *Defendants-Appellants.*

_____

FOR APPELLEE:                                    JUSTIN V. RODRIGUEZ, Assistant United
                                                 States Attorney (Won S. Shin, Assistant
                                                 United States Attorney, *on the brief*), *for*
                                                 Damian Williams, United States Attorney for
                                                 the Southern District of New York, New
                                                 York, New York.

FOR DEFENDANT-APPELLANT                           ROBIN CHRISTINE SMITH (Leean Othman, *on*
JOSE CABAN:                                       *the brief*), Law Office of Robin C. Smith,
                                                 Esq., P.C., San Rafael, California.

FOR DEFENDANT-APPELLANT                           ROBERT A. SOLOWAY, Rothman, Schneider,
TYLER PATTERSON:                                  Soloway & Stern, LLP, New York, New
                                                 York.

Appeal from judgments of the United States District Court for the Southern District of New York (Valerie E. Caproni, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments, entered on April 14, 2022 as to Defendant-Appellant Tyler Patterson and May 2, 2022 as to Defendant-Appellant Jose Caban, are **AFFIRMED**.

## I.    Jose Caban

Caban appeals from a judgment of conviction entered after a jury trial at which he was found guilty of two counts of committing a violent crime in aid of racketeering ("VICAR"), in violation of 18 U.S.C. §§ 1959(a)(3), (a)(5), and 2 (Counts One and Three), and two counts of use and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), (iii), and 2 (Counts Two and Four). The charges arose from Caban's participation in two shootings as part of the "JackBoyz" street gang, which operates near Jackson Avenue in the South Bronx. Caban was sentenced principally to twenty-one years' imprisonment, to be followed by five years of supervised release. On appeal, Caban argues that the district court

committed reversible error in admitting certain photographic and hearsay evidence at trial, and also contends that his Section 924(c) convictions must be overturned because neither of them was based on a valid predicate "crime of violence." We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision to affirm.

### A. Photographic Evidence

To obtain a conviction on the VICAR offenses, the government was required to prove, *inter alia*, that the JackBoyz gang was "engaged in racketeering activity as defined in [the Racketeer Influenced and Corrupt Organizations Act ("RICO")]." *United States v. White*, 7 F.4th 90, 101 (2d Cir. 2021). The operative superseding indictment alleged that the JackBoyz "sold narcotics" and "engaged in racketeering activity, . . . [including] offenses involving trafficking of controlled substances." App'x at 26. To sustain its burden at trial, the government sought to introduce into evidence, *inter alia*, photographs that Caban had posted on Instagram of himself holding large amounts of cash. The district court admitted this evidence over Caban's objection, finding that its probative value was "self-evident" and that the evidence was not unfairly prejudicial because Caban was "charged with being part of a crew that sells drugs." Supp. App'x at 54. On appeal, Caban contends that this was an error and that the photographs should have been excluded as irrelevant and unfairly prejudicial.

Evidence is relevant if "it has any tendency to make a fact more or less probable," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Rule 403 allows a district court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. Evidence is not unfairly prejudicial when it "d[oes]

3

not involve conduct more inflammatory than the charged crime." *United States v. Livoti*, 196 F.3d 322, 326 (2d Cir. 1999). We review a district court's decision to admit evidence for abuse of discretion. *See United States v. Skelos*, 988 F.3d 645, 662 (2d Cir. 2021). Thus, where a "district court has conscientiously balanced the proffered evidence's probative value with the risk for prejudice, its conclusion will be disturbed only if it is arbitrary or irrational." *United States v. Awadallah*, 436 F.3d 125, 131 (2d Cir. 2006).

Caban argues that the photographic evidence was irrelevant and unfairly prejudicial because it was "unrelated to any specific alleged facts" and "swayed the jury to convict based upon [his] criminal propensity." Appellant's Br. at 20. We disagree. The photographs of Caban holding large amounts of cash were probative of the JackBoyz's racketeering activity, which the superseding indictment alleged involved narcotics trafficking. We have repeatedly held that evidence of "unexplained cash" supports an inference of illegal racketeering activity, including narcotics trafficking. *See, e.g.*, *United States v. Henry*, 325 F.3d 93, 110 (2d Cir. 2003) ("[U]nexplained cash . . . may be indicative of a marijuana conspiracy."); *United States v. Amuso*, 21 F.3d 1251, 1263 (2d Cir. 1994) ("Possession of large amounts of cash . . . tended to make it 'more probable' that [the defendant] was involved in illegal racketeering activities."); *United States v. Young*, 745 F.2d 733, 762–63 (2d Cir. 1984) ("The accumulation of such a large amount of unexplained and unreported wealth was . . . highly probative of [the defendant's] involvement in narcotics trafficking."). The captions that Caban posted to Instagram alongside these photographs bolstered their probative value. For example, one post included the caption, "I'm Onna Block Everyday Trappin Tryna Get Rich." App'x at 103–04. At trial, a former JackBoyz member

4

testified that "'[t]rappin' means selling drugs." Supp. App'x at 131. Therefore, we find unpersuasive Caban's argument that the photographic evidence lacked probative value.

We likewise disagree with Caban's assertion that the district court abused its discretion in concluding that the evidence was not unfairly prejudicial under Rule 403. To be sure, this evidence, as noted above, supported the inference that Caban was involved in the narcotics trafficking of the JackBoyz, "but evidence is unduly prejudicial only when it tends to have some adverse effect upon a defendant *beyond* tending to prove the fact or issue that justified its admission into evidence." *United States v. Kadir*, 718 F.3d 115, 122 (2d Cir. 2013) (alterations adopted) (internal quotation marks and citation omitted). Here, the district court was well within its discretion to conclude that the admission of the evidence was justified because the superseding indictment charged that one of the racketeering activities of the gang was narcotics trafficking, and Caban was alleged to have been a member of that gang.[1] Moreover, this evidence supporting Caban's involvement in the gang's drug trafficking "did not involve conduct any more sensational or disturbing than the [shootings] with which [Caban] was charged." *United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir. 1990). Accordingly, there is no basis to disturb the district court's ruling that the probative value of the photographs was not substantially outweighed by any risk of unfair prejudice.

---

[1] Indeed, the government introduced other evidence to prove that the gang's racketeering activity involved trafficking in controlled substances, including the testimony of a former gang member and social media records suggesting that a co-defendant contacted Caban to source drugs for a customer.

5

### B. Out-of-Court Statement

Caban also challenges the district court's admission of an out-of-court statement from a passing motorist to a police officer, which provided a description of an individual fleeing the scene of one of the charged shootings. Specifically, the officer testified at trial that, as he was running over the Willis Avenue Bridge in pursuit of the suspect, a passing motorist told him, in substance, that a "light skinned" black man "with dreads" was running southbound on the bridge towards Manhattan. Supp. App'x at 198. The district court admitted the motorist's statement under Federal Rule of Evidence 803 as an excited utterance or, in the alternative, as a present sense impression. On appeal, Caban argues that the district court erred because the admitted statement "lacked reliability" and "den[ied] him his right under the Confrontation Clause, as the alleged motorist did not testify at trial." Appellant's Br. at 21. We review a district court's evidentiary rulings for abuse of discretion, *see Skelos*, 988 F.3d at 662, and "[a]lleged violations of the Confrontation Clause . . . *de novo*, subject to harmless error analysis," *United States v. Vitale*, 459 F.3d 190, 195 (2d Cir. 2006).

We discern no error in the admission of the statement under Rule 803. The present sense impression exception to the rule against hearsay permits the admission of an out-of-court "statement describing or explaining an event or condition, made while or immediately after the declarant perceived it." Fed. R. Evid. 803(1). The excited utterance exception permits the admission of an out-of-court "statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Fed. R. Evid. 803(2). In the instant case, the motorist's statement to the police officer describing the physical attributes and direction of travel of the man he had just seen running across the bridge was both a statement "describing . . . an event

6

or condition, made . . . immediately after the declarant perceived it," Fed. R. Evid. 803(1), and a statement "relating to a startling event . . . made while the declarant was under the stress of excitement" that witnessing the foot pursuit caused, Fed. R. Evid. 803(2). Although Caban argues that the out-of-court statement was unreliable, we have emphasized that these hearsay exceptions are premised on an understanding that the circumstances required for admissibility provide intrinsic reliability. *See United States v. Jones*, 299 F.3d 103, 112 (2d Cir. 2002) ("[S]tatements [admitted under the present sense impression exception] are considered to be trustworthy because the contemporaneity of the event and its description limits the possibility for intentional deception or failure of memory."); *United States v. Tocco*, 135 F.3d 116, 127 (2d Cir. 1998) ("The rationale for [the excited utterance] hearsay exception is that the excitement of the event limits the declarant's capacity to fabricate a statement and thereby offers some guarantee of its reliability."). Therefore, the district court did not abuse its discretion in finding that these hearsay exceptions applied.

We find Caban's challenge to the out-of-court statement under the Confrontation Clause to be similarly unavailing. "[T]he Confrontation Clause prohibits admission at trial of out-of-court testimonial statements against a criminal defendant unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine him." *Washington v. Griffin*, 876 F.3d 395, 404 (2d Cir. 2017). In *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court "declined to settle on a precise articulation of the term" testimonial, *Griffin*, 876 F.3d at 404 (citing *Crawford*, 541 U.S. at 51–52, 68), but the Court subsequently clarified that a statement is testimonial if it was made or procured with the "primary purpose of creating an out-of-court substitute for trial testimony," *Ohio v. Clark*, 576 U.S. 237, 245 (2015) (quoting *Michigan v. Bryant*, 562 U.S. 344, 358 (2011)). In accordance with that principle, in *Davis v. Washington*, 547 U.S. 813 (2006), the

7

Supreme Court held that a 911 call by a domestic abuse victim was not testimonial because the purpose of the declarant's statement was not to substitute for live testimony, but rather "to enable police assistance to meet an ongoing emergency." *Id.* at 828; *see also id.* at 817–18. Moreover, "the [Supreme] Court [has] observed [that] the Clause does not 'bar every statement that satisfies the "primary purpose" test,' [such as] out-of-court statements 'that would have been admissible in a criminal case at the time of the founding.'" *Griffin*, 876 F.3d at 404 (alterations adopted) (quoting *Clark*, 576 U.S. at 246).

Here, the district court correctly determined that the motorist's spontaneous statement to the police officer was not testimonial under the Confrontation Clause because it was clearly intended to assist the police officer with an "ongoing emergency"—namely, the foot pursuit of a suspect in a shooting. *See Bryant*, 562 U.S. at 359 (holding that an emergency was still ongoing, and the shooting victim's statement therefore nontestimonial, where, *inter alia*, the "perpetrator['s] . . . location was unknown at the time the police located the victim," and there was "a potential threat to the responding police and the public at large"). As the Supreme Court has explained, during an ongoing emergency, "because the prospect of fabrication in statements given for the primary purpose of resolving that emergency is presumably significantly diminished, the Confrontation Clause does not require such statements to be subject to the crucible of cross-examination." *Id*. at 361. Importantly, as it relates to the specific circumstances presented here, the Supreme Court has explained that "[t]his logic is not unlike that justifying the excited utterance exception in hearsay law," where such statements are "considered reliable because the declarant, in the excitement, presumably cannot form a falsehood." *Id*.; *see also Ohio v. Roberts*, 448 U.S. 56, 66 (1980) (holding that "[r]eliability can be inferred without more in a case where the evidence falls within a

8

firmly rooted hearsay exception"); *Brown v. Keane*, 355 F.3d 82, 89 (2d Cir. 2004) (noting that the excited utterance exception "has been ruled to be firmly rooted" (citing *Lilly v. Virginia*, 527 U.S. 116, 126 (1999))).

Accordingly, the district court did not err in admitting the motorist's out-of-court statement.

### C.  Section 924(c) Convictions

Caban argues that his firearms convictions on Count Two and Count Four must be vacated because the predicate offenses for those convictions do not qualify as a "crime of violence" under Section 924(c).   In *United States v. Davis*, 139 S. Ct. 2319, 2323–34 (2019), the Supreme Court struck down the "residual" clause, Section 924(c)(3)(B), as unconstitutionally vague.   Therefore, following *Davis*, in order for an offense to serve as a predicate crime of violence for a Section 924(c) count, it must qualify under the "elements" or "force" clause under Section 924(c)(3)(A)— namely, the offense must "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another."   18 U.S.C. § 924(c)(3)(A).   In *United States v. Taylor*, 142 S. Ct. 2015, 2020–21 (2022), the Supreme Court held that attempted Hobbs Act robbery was not categorically a crime of violence for purposes of Section 924(c), because no element of attempted Hobbs Act robbery requires that the government prove use, attempted use, or threatened use of force.   Caban contends that "racketeering" is not categorically a crime of violence, and that *Taylor* requires reversal of his Section 924(c) convictions predicated on attempted murder in aid of racketeering.

Although we ordinarily review *de novo* whether a crime is categorically a crime of violence under Section 924(c), because Caban did not raise this challenge to his Section 924(c) convictions in the district court, we review for plain error.   *United States v. Hendricks*, 921 F.3d 320, 326 (2d

Cir. 2019). In any event, we find no error under either standard because Caban's firearm convictions on Counts Two and Four were each based on a predicate offense—namely, attempted murder under New York Penal Law § 125.25(1)—that is a crime of violence under Section 924(c).

Count Two was predicated on "the violent crime in aid of racketeering charged in Count One" of the Indictment, App'x at 28, and Count Four was predicated on "the violent crime in aid of racketeering charged in Count Three" of the Indictment, *id*. at 30. In turn, Count One and Count Three charged, and the jury found in a special verdict form, that Caban committed both attempted murder in aid of racketeering and assault with a dangerous weapon in aid of racketeering on each count, in violation of VICAR, 18 U.S.C. § 1959(a)(3), (a)(5).

We have held that substantive VICAR offenses, like substantive RICO offenses, are analyzed under a "modified categorical approach." *United States v. Pastore*, 83 F. 4th 113, 118–19 (2d Cir. 2023). Under that approach, "a substantive VICAR offense is a crime of violence when predicated on at least one violent crime in aid of racketeering acts." *Id*. at 119 (internal quotation marks and citation omitted). Moreover, in *Pastore*, we held that a "substantive VICAR conviction for attempted murder in aid of racketeering under 18 U.S.C. § 1959(a)(5)—itself predicated, in this case, on attempted murder in violation of [N.Y. Penal Law § 125.25(1)]—is a valid predicate crime of violence under [S]ection 924(c)." *Id*. In reaching that determination, we explicitly rejected the argument that the Supreme Court's recent decision in *Taylor* required a different result. *Id*. at 120–21. Specifically, we explained that New York second-degree murder can only be committed by "the actual use of force." *Id*. at 121. Moreover, "[s]ince attempted murder requires both an intent to use physical force and a substantial step towards the use of physical force, it satisfies the

10

'attempted use . . . of physical force' element under [S]ection 924(c) and thereby qualifies as a crime of violence." *Id*. (citation omitted).

Here, as made clear in the indictment and jury instructions, the attempted murder in aid of racketeering that served as one of the predicates for Caban's Section 924(c) convictions on both Count Two and Count Four is, like the VICAR offenses in *Pastore*, based on attempted murder under N.Y. Penal Law § 125.25(1). Therefore, our holding in *Pastore* forecloses Caban's challenge to his Section 924(c) convictions in this case.[2]

*         *         *

We have considered Caban's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the May 2, 2022 judgment of the district court.

## II.    Tyler Patterson

Attorney Robert A. Soloway, counsel for Patterson, moves for permission to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). The government moves to dismiss Patterson's appeal based on the appeal waiver in his plea agreement or, in the alternative, for summary affirmance of his conviction and sentence.

Upon due consideration, the *Anders* motion is **GRANTED**. We also **GRANT** the government's motion to dismiss Patterson's appeal of his term of incarceration as barred by the appeal waiver. *See United States v. Gomez-Perez*, 215 F.3d 315, 318 (2d Cir. 2000) (noting that a

---

[2] We therefore need not and do not address the government's alternative argument that the other predicate offenses in Caban's VICAR counts—namely, assault with a dangerous weapon in aid of racketeering in violation of N.Y. Penal Law § 120.14(1) (in Count One) and § 120.05(2) (in Count Three)—also qualify as a "crime of violence" under Section 924(c).

11

defendant's knowing and voluntary waiver of the right to appeal is enforceable).   We **GRANT** the summary affirmance motion as to Patterson's April 14, 2022 judgment of conviction, mandatory special assessment, and term and conditions of supervised release because they present no meritorious issues.   We **DENY** Patterson's request to withdraw his appeal because it did not comply with Local Rule 42.2, and we further **DENY** his request for substitute counsel as moot because the judgment has been affirmed.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court